**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 13-cv-0840

FIBER, LLC, a Wyoming limited liability company,

      Plaintiff,

v.

CIENA CORPORATION, a Delaware corporation, and
CIENA COMMUNICATIONS, INC., a Delaware corporation,

      Defendants.

---

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

---

      Plaintiff, Fiber, LLC, a Wyoming limited liability company ("Plaintiff"), through its counsel Lathrop & Gage, LLP, submits the following Complaint for Patent Infringement and Jury Demand, alleging as follows:

**<u>INTRODUCTION</u>**

      1.     This is an action for patent infringement and damages under the United States patent laws, 35 U.S.C. § 271 *et seq.* Plaintiff is a Colorado-based company that has been dedicated to the advancement of optical fiber optic switching technology. Plaintiff is the exclusive assignee of patents that disclose technology that is instrumental to photonic switch products. Defendants Ciena Corporation and Ciena Communications, Inc. (collectively, "Ciena") make, use, offer for sale and/or sell within the United States and/or import into the United States products infringing Plaintiff's patents-in-suit.

**THE PARTIES**

2.      Plaintiff is a Wyoming corporation with its principal place of business at 621 17th Street, Suite 801, Denver, Colorado 80293.  Plaintiff is registered to do business in Colorado as a foreign limited liability company.

3.      Defendant Ciena Corporation, is a Delaware corporation with its principal place of business at 1201 Winterson Road, Linthicum, Maryland 21090, and, on information and belief, does business in this judicial District and elsewhere throughout the United States.  Ciena Corporation is the parent company of defendant Ciena Communications, Inc..  At all times relevant to this lawsuit, Ciena Corporation manufactured, offered for sale, sold and/or distributed infringing products to customers throughout the United States and elsewhere.

4.      Defendant Ciena Communications, Inc. is a Delaware corporation with its principal place of business at 1201 Winterson Road, Linthicum, Maryland 21090, and, on information and belief, does business in this judicial District and elsewhere throughout the United States.  Defendant Ciena Communications, Inc. is a wholly-owned subsidiary of Ciena Corporation.  On information and belief, Ciena Corporation does business in the United States, including the offer for sale, sale and distribution of products infringing the patents-in-suit, through Ciena Communications, Inc..

**JURISDICTION AND VENUE**

5.      This is an action for patent infringement and for damages under United States patent laws, 35 U.S.C. §§ 271, *et seq.*  This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over the Defendants.  Ciena Corporation, on its own and through Ciena Communications, Inc., conducts continuous and systematic business

in the United States including, upon information and belief, in this judicial District.  Ciena

markets, manufactures, offers for sale, sells and/or distributes the infringing products at issue in

this case throughout the United States including, upon information and belief, within this judicial

District.

      7.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b)

because each defendant is subject to personal jurisdiction within this District, has committed acts

of infringement of the patents-in-suit in this District and, upon information and belief, transacts

business within this District.

**GENERAL ALLEGATIONS AND PATENTS-IN-SUIT**

      8.     On May 12, 1999, Patent Application No. 09/310,285 ("the '285 Application")

was filed with the U.S. Patent and Trademark Office ("USPTO") to protect the invention of

Herzel Laor, David A. Krozier, and Leo A. Plouffe entitled "OPTICAL SWITCHING

APPARATUS", which application claimed the benefit from Provisional Application No.

60/088,239, filed June 5, 1998.  On August 6, 2002, the USPTO issued United States Patent No.

6,430,332 B1 ("the '332 Patent") entitled "OPTICAL SWITCHING APPARATUS" from the

'285 Application.  The ownership rights to the invention disclosed and claimed in the '332 Patent

have been assigned to Plaintiff as exclusive assignee in an assignment recorded with the USPTO.

A copy of the '332 Patent is attached as **Exhibit 1** and incorporated herein by this reference.

      9.     On June 17, 2002, Patent Application No. 10/197,636 ("the '636 Application")

was filed with USPTO as a Continuation of the '285 Application to protect the invention of

Herzel Laor, David A. Krozier, and Leo A. Plouffe entitled "OPTICAL SWITCHING

APPARATUS", which application claimed the benefit from Provisional Application No.

60/088,239, filed June 5, 1998.  On August 22, 2006, the USPTO issued United States Patent

No. 7,095,917 B2 ("the '917 Patent") entitled "OPTICAL SWITCHING APPARATUS" from the '636 Application. The ownership rights to the invention disclosed and claimed in the '917 Patent have been assigned to Plaintiff as exclusive assignee in an assignment recorded with the USPTO. A copy of the '917 Patent is attached as **Exhibit 2** and incorporated herein by this reference.

10.    Ciena and/or Ciena's respective divisions, subsidiaries and/or agents are engaged in the business of manufacturing, using, distributing, offering for sale, and selling photonic switches that infringe the '332 Patent and the '917 Patent (the "Infringing Products"). The Infringing Products include, without limitation, products marketed and sold by Ciena as Common Photonic Layer with ROADM, 6500 Family with ROADM, 5400 Family with ROADM, and 4200 Family with ROADM.

11.    Upon information and belief, Defendants market, offer for sale, sell, and/or distribute the Infringing Products throughout the United States, including in Colorado.

12.    Plaintiff placed Ciena on notice of the existence of the '332 Patent and the '917 Patent and Plaintiff's claims that Ciena infringes the patents-in-suit at least as of July 2012. Despite Ciena's actual knowledge of the patents-in-suit and the likelihood that Ciena infringes such patents, Ciena has continued to make, use, offer for sale, sell and distribute the Infringing Products.

## FIRST CLAIM FOR RELIEF
(Infringement of the '332 patent)

13.    Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 11.

14.     Ciena infringes, literally or under the doctrine of equivalents, the '332 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, distributing and/or importing the Infringing Products in the United States.

15.     Ciena's infringement of the '332 Patent has caused and will continue to cause great damage to Plaintiff and is thereby entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

16.     Due to Ciena's willful infringement of the '332 Patent, Plaintiff is also entitled to recover prejudgment interest, post-judgment interest, costs, and enhanced damages under 35 U.S.C. § 284.

17.     As a result of Ciena's infringement of the '332 Patent, Plaintiff will suffer irreparable harm and impairment of the value of its patent rights, and is now suffering the violation of its patent rights, all of which will continue unless Defendant is permanently enjoined by this Court from infringing the '332 Patent under 35 U.S.C. § 283.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '917 patent)

18.     Plaintiff incorporates by reference as though fully set forth herein the allegations of paragraphs 1 through 15.

19.     Ciena infringes, literally or under the doctrine of equivalents, the '917 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, distributing and/or importing the Infringing Products in the United States.

20.     Ciena's infringement of the '917 Patent has caused and will continue to cause great damage to Plaintiff and is thereby entitled to an award of damages adequate to compensate

it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

21.     Due to Ciena's willful infringement of the '917 Patent, Plaintiff is also entitled to recover prejudgment interest, post-judgment interest, costs, and enhanced damages under 35 U.S.C. § 284.

22.     As a result of Ciena's infringement of the '917 Patent, Plaintiff will suffer irreparable harm and impairment of the value of its patent rights, and is now suffering the violation of its patent rights, all of which will continue unless Defendant is permanently enjoined by this Court from infringing the '332 Patent under 35 U.S.C. § 283.

**WHEREFORE**, Plaintiff prays for judgment against defendants Ciena Corporation and Ciena Communications, Inc. as follows:

A.     Finding that the '332 Patent has been infringed by defendants, and each of them;

B.     Finding that the '917 Patent has been infringed by defendants, and each of them;

C.     Awarding Plaintiff a permanent final injunction against continuing infringement by each of defendants, and each of defendants' respective parents, subsidiaries, divisions, officers, employees, successors, and assigns, enjoining them from making, using, selling, practicing, or offering to sell the inventions disclosed in the '332 and '917 Patents;

D.     Awarding Plaintiff damages adequate to compensate Plaintiff for past and future infringement in an amount that is in no event less than a reasonable royalty attorneys' fees, costs, prejudgment interest, and post-judgment interest;

E.    Awarding Plaintiff an additional sum on account of the willful, intentional and deliberate character of defendants' infringing acts pursuant to 35 U.S.C. § 284; and

F.    Granting Plaintiff all other legal and equitable relief to which Plaintiff is entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Fiber, LLC demands a jury trial on all issues so triable.

Date: April 2, 2013

Respectfully submitted,

LATHROP & GAGE LLP

s/ *George G. Matava*
George G. Matava
Aaron P. Bradford
Alexander C. Clayden
950 17th Street, Suite 2400
Denver, Colorado  80202
Telephone:    (720) 931-3200
Fax:               (720) 931-3201
E-mail:          gmatava@lathropgage.com
                    abradford@lathropgage.com
                    aclayden@lathropgage.com

*Attorneys for Plaintiff Fiber, LLC*

ADDRESS OF FIBER, LLC:
621 17th Street, Suite 801
Denver, Colorado 80293