**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-0840-PAB-KLM

FIBER, LLC, a Wyoming limited liability company,

      Plaintiff,

v.

CIENA CORPORATION, a Delaware corporation, and
CIENA COMMUNICATIONS, INC., a Delaware corporation,

      Defendants.

---

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants Ciena Corporation and Ciena Communications, Inc. (collectively "Ciena"),

by and through their undersigned counsel, hereby submit their Answer and Counterclaims to the

Complaint filed by Plaintiff Fiber, LLC ("Fiber"):

## INTRODUCTION

1.    Ciena admits that this is an action for patent infringement and damages arising

under the United States patent laws, 35 U.S.C. § 271 *et seq*.  Ciena has insufficient information

to determine whether Fiber is a Colorado-based company that has been dedicated to the

advancement of optical fiber optic switching technology or whether Fiber is the exclusive

assignee of patents that disclose technology that is instrumental to photonic switch products, and

therefore Ciena denies the same.  Ciena denies that it infringes any patents.  Ciena denies the

remaining allegations contained in paragraph 1.

## THE PARTIES

2.      Ciena lacks sufficient evidence to admit or deny the allegations in paragraph 2, and therefore denies the same.

3.      Ciena admits that Defendant Ciena Corporation is a Delaware corporation and that it is the parent company of Defendant Ciena Communications, Inc.  Ciena admits that it does business in the United States and elsewhere.  Ciena denies that Ciena Corporation's principal place of business at 1201 Winterson Road, Linthicum, Maryland 21090.  Ciena denies that it infringes any patents in the United States or within this district.  Ciena denies the remaining allegations contained in paragraph 3.

4.      Ciena admits that Defendant Ciena Communications, Inc. is a Delaware corporation and a wholly-owned subsidiary of Ciena Corporation.  Ciena admits that it does business in the United States and elsewhere.  Ciena denies that Ciena Communications, Inc.'s principal place of business at 1201 Winterson Road, Linthicum, Maryland 21090.  Ciena denies that it infringes any patents in the United States or within this district.  Ciena denies the remaining allegations contained in paragraph 4.

## JURISDICTION AND VENUE

5.      Ciena admits that this is an action for patent infringement and for damages arising under the United States patent laws, 35 U.S.C. § 271 *et seq*.  The remainder of the statements included in Paragraph 5 are conclusions of law, rather than statements of fact, to which no response is required.  To the extent a response is required, Ciena admits that this Court, like all other federal district courts, has jurisdiction over patent disputes arising under the patent laws of the United States.

6.      Ciena denies that it infringes any patents in the United States or within this district.  The remainder of the statements included in Paragraph 6 are conclusions of law, rather than statements of fact, to which no response is required.  To the extent a response is required, Ciena admits that this Court has personal jurisdiction over Ciena.

7.      Ciena denies that it infringes any patents in the United States or within this district.  The remainder of the statements included in Paragraph 7 are conclusions of law, rather than statements of fact, to which no response is required.  To the extent a response is required, Ciena admits that venue in this judicial district is proper.

### GENERAL ALLEGATIONS AND THE PATENTS-IN-SUIT

8.      Ciena admits that on May 12, 1999, Patent Application No. 09/310,285 ("the '285 Application") was filed with the U.S. Patent and Trademark Office ("USPTO"), which application claimed the benefit from Provisional Application No. 60/088,239, filed June 5, 1998. Ciena also admits that on August 6, 2002, the USPTO issued United States Patent No. 6,430,332 B1 ("the '332 Patent") entitled "OPTICAL SWITCHING APPARATUS" from the '285 Application and that an assignment of the '332 Patent to Fiber has been recorded with the USPTO.  Ciena has insufficient information to determine whether the ownership rights to the invention disclosed and claimed in the '332 Patent have been assigned to Plaintiff as exclusive assignee, and therefore Ciena denies the same.  Ciena admits that the '332 Patent is attached as Exhibit 1.

9.      Ciena admits that on June 17, 2002, Patent Application No. 10/197,636 ("the '636 Application") was filed with USPTO as a Continuation of the '285 Application, which application claimed the benefit from Provisional Application No. 60/088,239, filed June 5, 1998.

Ciena also admits that on August 22, 2006, the USPTO issued United States Patent No. 7,095,917 B2 ("the '917 Patent") entitled "OPTICAL SWITCHING APPARATUS" from the '636 Application.  Ciena has insufficient information to determine whether the ownership rights to the invention disclosed and claimed in the '917 Patent have been assigned to Fiber as exclusive assignee in an assignment recorded with the USPTO, and therefore Ciena denies the same.  Ciena admits that the '917 Patent is attached as Exhibit 2.

10.     Ciena denies the allegations contained in paragraph 10.

11.     Ciena denies the allegations contained in paragraph 11.

12.     Ciena denies the allegations contained in paragraph 12.

**FIRST CLAIM FOR RELIEF**
(Infringement of the '332 Patent)

13.     Ciena hereby incorporates its responses to Paragraphs 1–12, *supra*.

14.     Ciena denies the allegations in paragraph 14.

15.     Ciena denies the allegations in paragraph 15.

16.     Ciena denies the allegations in paragraph 16.

17.     Ciena denies the allegations in paragraph 17.

**SECOND CLAIM FOR RELIEF**
(Infringement of the '917 patent)

18.     Ciena hereby incorporates its responses to Paragraphs 1–17, *supra*.

19.     Ciena denies the allegations in paragraph 19.

20.     Ciena denies the allegations in paragraph 20.

21.     Ciena denies the allegations in paragraph 21.

22.     Ciena denies the allegations in paragraph 22.

## GENERAL DENIAL

Ciena denies each and every allegation, matter, or thing contained in Fiber's Complaint, express or implied, not expressly admitted herein.

## FIBER'S PRAYER FOR RELIEF

Ciena denies that Fiber is entitled to any judgment in its favor.  Specifically:

(A)     Fiber is not entitled to a finding that Ciena infringes the '332 Patent;

(B)     Fiber is not entitled to a finding that Ciena infringes the '917 Patent;

(C)     Fiber is not entitled to an award of a permanent final injunction;

(D)     Fiber is not entitled to any award of damages, interest, costs, or disbursements under 35 U.S.C. § 284;

(E)     Fiber is not entitled to any award of attorneys' fees, costs, or expenses; and

(F)     Fiber is not entitled to any other relief.

## DEFENSES

1.     In support of the following defenses, Ciena incorporates all of its Answers listed above, and all of the facts in support of Ciena's counterclaims as set forth below.

2.     Fiber's Complaint, and each claim against Ciena contained therein, fails to state a claim upon which relief can be granted.

3.     Fiber's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver and/or unclean hands.

4.     Fiber's claim for relief is barred in whole or in part by the doctrines of consent, acquiescence, and/or exhaustion.

5.     Ciena does not infringe and has not infringed any claim of the '332 Patent or the

'917 Patent, directly, indirectly, or by contribution or inducement, either literally or under the doctrine of equivalents, willfully or otherwise.

6.      Each and every asserted claim of the '332 Patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.

7.      Each and every asserted claim of the '917 Patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.

8.      To the extent that the claims of the Patents-in-Suit are interpreted such that Ciena may be liable for infringement, Ciena asserts that its products practice invalidating prior art.

9.      The damages, if any, that were allegedly sustained by Fiber as a result of acts contained in the Amended Complaint were caused or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of third parties over which Ciena had no control.  Ciena at no time directed its manufacturers to infringe the any claim of the Patents-in-Suit or its users to infringe any claim of the Patents-in-Suit.

10.     Any recovery of damages by Fiber is limited in whole or in part by 35 U.S.C. §§ 286 and 287.

11.     Some or all of Fiber's alleged damages are speculative, uncertain, and not recoverable.

12.     Fiber is prohibited from recovering damages for activities alleged to have occurred before it provided actual notice of the asserted patents and specific activities alleged to infringe.

## COUNTERCLAIMS

For its counterclaims in this action, Ciena Corporation and Ciena Communications, Inc. (collectively, "Ciena") aver as follows:

1.      Ciena incorporates by reference its statements made above in this Answer and Counterclaims.

## JURISDICTION AND VENUE

2.      Counterclaimants Ciena Corporation and Ciena Communications, Inc. are Delaware corporations with their principal place of business at 7035 Ridge Road, Hanover, Maryland 21076.

3.      Upon information and belief, Counter-defendant Fiber is a Wyoming corporation with its principal place of business at 621 17th Street, Suite 801, Denver, Colorado 80293.

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court also has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, because these counterclaims present well-pleaded federal questions arising under the Patent Act of 1952 (as amended), 35 U.S.C. §§ 1, *et seq.*

5.      The District of Colorado is the proper venue for these counterclaims pursuant to 28 U.S.C. §§ 1391(b) and (c).

## STATEMENT OF FACTS

6.      Ciena is a supplier of telecommunications networking equipment, software and services that support the delivery and transport of voice, video and data services.

7.      Prior to the filing of the Original Complaint, Ciena had no knowledge of any of the asserted Patents-in-Suit and did not use any of the products accused of infringement with the knowledge of any claim of any of the Patents-in-Suit.

8.      At no time has Ciena used any products accused of infringement with the intent to infringe any claim of any Patent-in-Suit.  Upon information and belief, the claims of the Patents-in-Suit are not infringed, and are invalid and/or are unenforceable.

9.      Upon information and belief, Fiber does not use, manufacture, sell, offer to sell, or import any commercial product that embodies any claims of the Patents-in-Suit.

## COUNTERCLAIM I

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,430,332)

10.     Ciena repeats and realleges the statements made above, as though fully set forth herein.

11.     This is a counterclaim for a Declaratory Judgment that Ciena has not infringed any claim of U.S. Patent No. 6,430,332 ("the '332 Patent") entitled "OPTICAL SWITCHING APPARATUS."

12.     This counterclaim arises from an actual and justiciable controversy between Ciena and Fiber as to the alleged infringement of the '332 Patent.  Fiber has brought suit against Ciena, alleging that Ciena infringes the '332 Patent, as reflected in the Complaint.

13.     Ciena requests that this Court declare that Ciena has not directly or indirectly infringed any claim of the '332 Patent.

## COUNTERCLAIM II

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,095,917)

14.     Ciena repeats and realleges the statements made above, as though fully set forth herein.

15.     This is a counterclaim for a Declaratory Judgment that Ciena has not infringed any claim of U.S. Patent No. 7,095,917 ("the '917 Patent") entitled "OPTICAL SWITCHING APPARATUS."

16.     This counterclaim arises from an actual and justiciable controversy between Ciena and Fiber as to the alleged infringement of the '917 Patent.  Fiber has brought suit against Ciena, alleging that Ciena directly infringes the '917 Patent, as reflected in the Complaint.

17.     Ciena requests that this Court declare that Ciena has not directly or indirectly infringed any claim of the '917 Patent.

## COUNTERCLAIM III

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,430,332)

18.     Ciena repeats and realleges the statements made above, as though fully set forth herein.

19.     This is a counterclaim for a Declaratory Judgment that the claims of the '332 Patent are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

20.     This counterclaim arises from an actual and justiciable controversy between Ciena and Fiber as to the validity of the '332 Patent.  Fiber has brought suit against Ciena, alleging that Ciena directly infringes the '332 Patent, as reflected in the Complaint.

21.     Ciena requests that this Court declare the rights of Ciena and Fiber with respect to the '332 Patent and declare the claims of the '332 Patent invalid.

## COUNTERCLAIM IV

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,095,917)

22.     Ciena repeats and realleges the statements made above, as though fully set forth herein.

23.     This is a counterclaim for a Declaratory Judgment that the claims of the '917 Patent are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.     This counterclaim arises from an actual and justiciable controversy between Ciena and Fiber as to the validity of the '917 Patent.  Fiber has brought suit against Ciena, alleging that Ciena directly infringes the '917 Patent, as reflected in the Complaint.

25.     Ciena requests that this Court declare the rights of Ciena and Fiber with respect to the '917 Patent and declare the claims of the '917 Patent invalid.

## CIENA'S PRAYER FOR RELIEF

WHEREFORE, CIENA prays for the following relief:

A.     That Fiber's Complaint be dismissed with prejudice;

B.     That Fiber take nothing as the result of any of its claims for relief against Ciena;

C.     That judgment be rendered that Ciena does not and has not infringed any claim of the '332 Patent.

D.     That judgment be rendered that each claim of the '332 Patent is invalid and/or unenforceable;

E.      That judgment be rendered that Ciena does not and has not infringed any claim of the '917 Patent.

F.      That judgment be rendered that each claim of the '917 Patent is invalid and/or unenforceable;

G.      An order declaring this case exceptional pursuant to 35 U.S.C. § 285 and awarding Ciena its reasonable attorneys' fees, costs and expenses incurred in connection with defending this action; and

H.      Such other and further relief as the Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ciena hereby demands a jury trial on all issues triable by jury.

DATED this 25th day of April, 2013.

Respectfully submitted,


*/s/  Mary V. Sooter*
Mary ("Mindy") V. Sooter
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532
Telephone: 303-607-3500
Fax: 303-607-3600
Email: mindy.sooter@FaegreBD.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

George G. Matava
Aaron P. Bradford
Alexander C. Clayden
LATHROP & GAGE LLP
950 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (720) 931-3200
Fax:  (720) 931-3201
gmatava@lathropgage.com
abradford@lathropgage.com
aclayden@lathropgage.com

*/s/ Jennifer Musgrave*