**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00840-PAB-KLM

FIBER, LLC, a Wyoming limited liability company,

     Plaintiff,

v.

CIENA CORPORATION, a Delaware corporation, and
CIENA COMMUNICATIONS, INC., a Delaware corporation,

Defendants.

---

## JOINT MOTION TO CONSOLIDATE CASES

---

Pursuant to Federal Rule of Civil Procedure 42(a) and D.C.COLO.LCivR 42.1, plaintiff Fiber, LLC ("Fiber"), and defendants Ciena Corporation and Ciena Communications, Inc. (together, "Ciena") hereby move to consolidate for all pre-trial purposes this case with the related case captioned *Fiber LLC v. Viavi Solutions Inc. (formerly JDS Uniphase Corporation); Lumentum Holdings Inc.; Lumentum Inc.; and Lumentum Operations LLC*, Civil Action No. 1:15-cv-1743-CBS (filed Aug. 12, 2015) (the "Viavi Action").  As explained below, these two actions share numerous common questions of fact and law, and judicial efficiency would best be served by consolidation.

## I.    BACKGROUND

On April 2, 2013, Fiber filed its complaint in this action against Ciena, alleging infringement of two patents:  U.S. Patent No. 6,430,332 (the "'332 Patent") and No. 7,095,917 (the "'917 Patent").  (Doc. 1 at 6-7.)  This action was stayed pending *inter*

*partes* review ("IPR") of the two patents before the USPTO Patent Trial and Appeal Board ("PTAB"), which was brought by non-party JDS Uniphase Corporation ("JDSU"). (Doc. 33.)   The PTAB issued final written decisions in the IPR proceedings on December 5, 2014, and pursuant to Fiber's unopposed motion to reinstate the case, this Court returned this case to its active docket on November 2, 2015.  (Doc. 52.)

On August 12, 2015, Fiber filed a complaint against Viavi Solutions Inc. ("Viavi") and Lumentum Holdings Inc., Lumentum Inc., and Lumentum Operations LLC (collectively, "Lumentum").  (Ex. A.)  In the Viavi Action, Fiber alleges infringement of the same two patents asserted in this action.  Fiber does not assert any claim for relief in this action or the Viavi Action other than infringement of the '332 and '917 patents.

Viavi is the new corporate entity name of JDSU.  (Ex. A (Viavi Action Complaint) at 1, ¶ 1.)  Lumentum acquired JDSU's assets as relevant to these actions.   (*Id.*) Lumentum supplies Ciena with components of the Ciena accused products.

## II.    ARGUMENT

Under Federal Rule of Civil Procedure 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." This rule allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., Fed. Prac. & Proc. § 2381 at 427 (2d ed.1995)).

The decision whether to consolidate related cases is within the sound discretion of the Court. *Cellport Sys. v. BMW of N. Am., LLC*, No. 14-cv-01631-PAB-KLM, 2014 U.S. Dist. LEXIS 170092, at *3 (D. Colo. Dec. 9, 2014). "In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation. The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Otter Prods., LLC v. Treefrog Devs., Inc.*, No. 11-cv-02180-WJM-KMT, 2013 U.S. Dist. LEXIS 16666, at *4 (D. Colo. Feb. 7, 2013) (internal quotations and citations omitted).

Here, as described more fully below, there are numerous common questions of law and fact between this case and the Viavi Action, and judicial efficiency would undoubtedly be best served by consolidating the two actions.

> **A. This Action and the Viavi Action Involve Numerous Common Questions of Law and Fact**

This case and the Viavi Action share numerous common questions of law and fact that favor consolidation. First, Fiber is the plaintiff in both actions. Second, in both actions, Fiber asserts the same patents and claims for relief. (*Compare* Doc. 1 at 6-7, *with* Ex. A (Viavi Action Complaint) at 8-9.) Thus, "[b]oth cases involve the same patents and seek to answer the same question: whether the patents have been infringed." *Cellport*, 2014 U.S. Dist. LEXIS 170092, at *3 (granting consolidation). As such, both cases will likely include additional common questions of law such as "the validity of the patents, claim construction, and whether the patents were properly issued"; common questions of fact such as "the level of skill of one of ordinary skill in

the prior art, the inventors' acts in relation to technology underlying the patent, and license terms"; and standing and equitable issues. *Id.* at *3-4. This commonality favors consolidation. *Id.*; *see also Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *5 ("[G]iven the sameness in the Patents and the relief sought, such commonality sways in favor of granting [consolidation].")

In addition, there are common questions of fact with respect to the accused products in both actions. In both actions, Fiber's infringement allegations are directed to fiber optic products known as reconfigurable optical add drop multiplexers ("ROADM") and wavelength selective switches ("WSS"). (*Compare* Doc. 1 at 4, ¶ 10 (accusing "Common Photonic Layer with **ROADM**, 6500 Family with **ROADM**, 5400 Family with **ROADM**, and 4200 Family with **ROADM**"), *with* Ex. A (Viavi Action Complaint) at 4, ¶ 12 (accusing "**ROADM**, 100 GHz, 1x2/1x4 WSS, Mini; 2) **ROADM**, 100 GHz, 1x9 WSS, Mini; 3) **ROADM**, 50 GHz, 1x9 WSS, Mini; 4) TrueFlex 1x9 **Wavelength Selective Switch**; 5) TrueFlex Twin High Port Count **Wavelength Selective Switch** (Twin WSS); 6) TrueFlex Twin Multi-Cast Switch; and 7) **ROADM**-on-a-Blade among other Wavelength Selective Switch (**WSS**) and Reconfigurable Optical Add-Drop Multiplexer (**ROADM**) products") (emphasis added).)

In addition, Lumentum supplies Ciena with WSS components of devices accused in this case. This further favors consolidation. *See Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *6 (finding common issues of fact and law in part because "the alleged infringing products in both cases are similar"); *MSPBO, LLC v. Adidas N. Am., Inc.*, No. 13-cv-02287-PAB-KMT, 2014 U.S. Dist. LEXIS 12129, at *4 (D. Colo. Jan. 30, 2014)

4

(noting as a common question that favors consolidation the fact that "plaintiff alleges that [first case defendants'] infringing products are composed of infringing protocols and components supplied by [second case defendant]").

### B.   Judicial Efficiency Is Best Served By Consolidation

Consolidation in this case would serve judicial efficiency and conserve the parties' and the Court's resources.  As discussed above, Fiber is the plaintiff in both actions, there are overlapping issues of fact with respect to the defendants and the accused products in both cases, and the parties are represented by the same respective counsel in both cases.  Under these circumstances, consolidation would streamline pre-trial issues such as discovery, depositions, and expert witnesses.  *See Broadnet Teleservices, LLC v. Shoutpoint, Inc.*, No. 12-cv-02921-CMA-KMT, 2015 U.S. Dist. LEXIS 101804, at *4 (D. Colo. Aug. 4, 2015) (concluding that consolidation would serve judicial efficiency, including because "the parties will be able to proceed with fact and expert discovery in a more efficient and less costly manner"); *Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *6-7 (noting that consolidation would prevent duplication with respect to discovery and expert witnesses); *MSPBO*, 2014 U.S. Dist. LEXIS 12129, at *4 (noting as factor favoring consolidation that "[d]efendants in both cases are represented by several of the same attorneys").

In particular, consolidation would provide for coordinated and streamlined claim construction.  Rather than separate rounds of briefing and *Markman* hearings, with the potential for inconsistent results, consolidation would allow for a uniform briefing schedule and a single claim construction hearing at which all parties could appear.

Consolidation would similarly allow for uniform discovery deadlines and standards. Thus, consolidation would strongly serve pre-trial efficiency.

In addition, both cases have similar procedural postures.  Because this case was stayed in its early stages pending IPR, there has been little pre-trial activity thus far. Other than an exchange of initial disclosures, neither side has propounded or responded to discovery, no depositions have taken place, no infringement or invalidity contentions have been exchanged, and the deadline to join parties has not yet run. (*See* Doc. 22 at 6 (Case Plan and Schedule).)  Similarly, the Viavi Action is still in the pleading stage, and the Court issued an Order on November 5, 2015 vacating a Scheduling Conference previously set for November 17, 2015 and instructing the Parties to file the appropriate Motion to Consolidate in this case within 10 days of that Order.  (Ex. B (Viavi Action Doc. 21).)  Accordingly, both actions "are in the early stages of litigation, and consolidation for pretrial management can reasonably be anticipated to allow the parties to coordinate their efforts and achieve some economies in the prosecution of their claims and defenses."  *KW-2, LLC v. Asus Comp. Int'l*, No. 15-cv-0123-REB-KMT, Doc. 42 (Order Granting Motion to Consolidate), at 3 (D. Colo. Aug. 17, 2015); *see also Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *8 (concluding that the procedural posture of two cases filed more than 15 months apart was "not so extreme so to foreclose consolidation of the cases," and that in fact "the posture of the cases point towards [consolidation]").

Consolidation would further promote efficiency and uniformity by allowing both actions to proceed under the Court's Pilot Program Implementing Proposed Local

Patent Rules, with modifications to account for the existing Scheduling Order (Doc. 22) if warranted.

### C.    Consolidation Would Not Prejudice Any Party

Consolidation would not cause any inconvenience, delay, or expense to either party.   As discussed above, both cases have similar procedural postures.   A new schedule will need to be set in this case, and the Scheduling Conference in the Viavi Action that was originally set for November 17, 2015 was vacated on November 5, 2015 at the Parties' request in light of the filing of this Joint Motion to Consolidate.  (*See* Ex. B (Viavi Action Doc. 21).)   Thus, it is likely that both cases will have similar pre-trial schedules in any event.   No discovery requests have been served in either case, and thus consolidation would not require duplication of effort with respect to discovery.

In sum, given the numerous common questions of fact and law between the two actions, their similar procedural postures, and the lack of prejudice to either party, consolidation is warranted in this case.

## III.   CONCLUSION

This action and the Viavi Action share numerous common questions of law and fact, and consolidating the actions for pre-trial purposes would be efficient, would conserve the parties' and the Court's resources, and would not prejudice either party. For these reasons and as described more fully above, Fiber and Ciena jointly and respectfully request that the Court consolidate this action with the Viavi Action for all pre-trial purposes.  A proposed Order is submitted herewith.

Respectfully submitted this 1th day of November, 2015.

*/s/ Joel D. Sayres*
Joel D. Sayres
Leslie B. Prill
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
17000 Lincoln Street
Denver, Colorado 80203
Phone: (303) 607-3500
Email: joel.sayres@FaegreBD.com
Email: leslie.prill@FaegreBD.com,

Kenneth Liebman
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota
Phone: (612) 777-7000
Email: ken.liebman@FaegreBD.com

*Attorneys for Defendants Ciena Corporation
and Ciena Communications, Inc.*

*/s/ George G. Matava*
George G. Matava
Thomas A. Dougherty
Donald E. Lake, III
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Phone: (303) 861-7760
Email: george.matava@lewisbrisbois.com
Email: thomas.dougherty@lewisbrisbois.com
Email: donald.lake@lewisbrisbois.com

*Attorneys for Fiber, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system which will send notification of such filing to the following persons at the given email addresses:

s/ *Margaret Zylstra*