IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

Civil Action No. 1:13-cv-00840-PAB-KLM

(Consolidated with Civil Action No. 15-cv-01743-PAB-KLM)

---

FIBER, LLC, a Wyoming limited liability company,

      Plaintiff,

v.

CIENA CORPORATION, a Delaware corporation, and
CIENA COMMUNICATIONS, INC., a Delaware corporation,

      Defendants.

---

FIBER, LLC, a Wyoming limited liability company,

      Plaintiff,

v.

VIAVI SOLUTIONS, INC., F/K/A JDS Uniphase Corporation,
LUMENTUM HOLDINGS, INC.,
LUMENTUM INC., and
LUMENTUM OPERATIONS, LLC,

      Defendants.

---

## MOTION TO CONSOLIDATE FOR ALL PRETRIAL PURPOSES
## (WITH INCORPORATED D.C.COLO.LCIVR 7.1(a)
## CERTIFICATE OF COMPLIANCE)

---

      Pursuant to Federal Rule of Civil Procedure 42(a) and D.C.COLO.LCivR 42.1, Alcatel-Lucent USA Inc. ("ALU-USA") respectfully moves this Court to consolidate *Fiber, LLC v. Alcatel Lucent USA Inc.*, No. 1:15-cv-02135-RBJ ("the *ALU-USA* Action") with *Fiber, LLC v. Ciena Corp., et al.*, No. 13-cv-00840-PAB-KLM ("the *Ciena* Action") and *Fiber, LLC v. Viavi*

*Solutions Inc., et al.*, No. 15-cv-01743-PAB ("the *Viavi* Action"), for pre-trial purposes. Questions of law and fact overlap in these actions, and judicial resources would be conserved if the actions were consolidated.

## I.     CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCIVR 7.1(a)

ALU-USA conferred with Fiber, LLC ("Fiber") regarding this Motion on November 23, 2015.  Fiber indicated it would oppose the Motion if ALU-USA does not agree to give up its right to file an *Inter Partes* Review ("IPR") and potentially request a stay, if warranted.

## II.     BACKGROUND

Fiber filed a Complaint again Ciena Corporation and Ciena Communications, Inc. (collectively "Ciena") on April 2, 2013, alleging infringement of U.S. Patent Nos. 6,430,332 ("the '332 Patent") and 7,095,917 ("the '917 Patent").  *Fiber, LLC v. Ciena Corp.*, No. 13-cv-00840-PAB-KLM, 2015 U.S. Dist. LEXIS 155176, *1-3 (D. Colo. Nov. 16, 2015).  On August 12, 2015, Fiber initiated an action against Viavi Solutions Inc. ("Viavi") also alleging infringement of the '332 Patent and the '917 Patent.  *Id.*, at *2-3.  On September 25, 2015, Fiber filed the *ALU-USA* Action also alleging infringement of the '332 Patent and the '917 Patent.  On November 16, 2015, the *Ciena* Action and the *Viavi* Action were consolidated for all pretrial purposes.  *Id*.  The *ALU-USA* Action should now similarly be consolidated.

## III.     ARGUMENT

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2).  This rule allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Fiber*, 2015 U.S. Dist. LEXIS

155176, *3 (citing *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. § 2381 at 427 (2d ed.1995))). The decision to consolidate the cases is within the discretion of the Court. *Id.* (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).  In determining whether to consolidate actions, "the court should take into consideration whether judicial efficiency is best served by consolidation. The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Otter Prods., LLC v. Treefrog Devs., Inc.*, No. 11-cv- 02180-WJM-KMT, 2013 U.S. Dist. LEXIS 16666, at *4-5 (D. Colo. Feb. 7, 2013) (internal quotations and citations omitted).

Numerous legal and factual issues overlap in the *ALU-USA*, *Ciena* and *Viavi* Actions. Thus, judicial efficiency would be best served by consolidating these actions.

### A.    Overlapping Questions Of Law And Fact Favor Consolidation

The three actions share numerous common questions of law and fact that favor consolidation. Fiber is the plaintiff in each of the actions and asserts the same patents and claims for relief. *Compare* the *ALU-USA* Action Doc. 1 at pp. 4-5, *with* the *Ciena* Action, Doc. 1, at pp. 4-6, *and* the *Viavi* Action, Doc. 1, pp. 5-8; *see also Fiber*, 2015 U.S. Dist. LEXIS 155176, *4 (consolidating the *Ciena* Action and the *Viavi* Action); *Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *5. Thus, these actions "involve the same patents and seek to answer the same question: whether the patents are likely to be infringed." *Fiber*, 2015 U.S. Dist. LEXIS 155176, *4.  Common questions of law such as "the validity of the patents, claim construction, and whether the patents were properly issued;" and common questions of fact such as "the level of skill of one of ordinary skill in the prior art, the inventors' acts in relation to technology

underlying the patent, and license terms" will likely overlap in the three actions. *Cellport Sys., Inc. v. BMS of N. Am., L.L.C.*, No. 14-cv-01631-PAB-KLM, 2014 U.S. Dist. LEXIS 170092, at *3-4 (D. Colo. Dec. 9, 2014). These numerous overlapping factual and legal issues favor consolidation. *Id.*; *see also Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *5 ("[G]iven the sameness in the Patents and the relief sought, such commonality sways in favor of granting [consolidation].") Thus, these actions should be consolidated.

### B.   Judicial Economy Favors Consolidation Of The Actions

Consolidation would conserve judicial and party resources. *See Fiber*, 2015 U.S. Dist. LEXIS 155176, at *4.   Consolidation would streamline pre-trial issues such as discovery, depositions, and expert witnesses. *See Broadnet Teleservices, LLC v. Shoutpoint, Inc.*, No. 12-cv-02921-CMA-KMT, 2015 U.S. Dist. LEXIS 101804, at *4 (D. Colo. Aug. 4, 2015) (concluding that consolidation would serve judicial efficiency, including because "the parties will be able to proceed with fact and expert discovery in a more efficient and less costly manner"); *Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *6-7 (noting that consolidation would prevent duplication with respect to discovery and expert witnesses).  Furthermore, the procedural posture of the three actions also weighs in favor of consolidation.  *See Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *8 (concluding that the procedural posture of two cases filed more than 15 months apart was "not so extreme so to foreclose consolidation of the cases," but rather weighed in favor of consolidation).

Consolidation would provide for coordinated and streamlined claim construction. *See Fiber*, 2015 U.S. Dist. LEXIS 155176, *4.  The cases are currently before two judges within this district. *Compare* the *ALU-USA* Action Doc. 16 (assigning the *ALU-USA* Action), *with Fiber*,

2015 U.S. Dist. LEXIS 155176 (the consolidated *Ciena* and *Viavi* Actions are before Judge Brimmer).   Separate rounds of briefing and *Markman* hearings could potentially lead to inconsistent construction of terms and results.   Consolidation before a single judge, on a single schedule would allow for a uniform briefing and a single claim construction hearing.

The three actions "are in the early stages of litigation, and consolidation for pretrial management can reasonably be anticipated to allow the parties to coordinate their efforts and achieve some economies in the prosecution of their claims and defenses."   *KW-2, LLC v. Asus Comp. Int'l*, No. 15-cv-01023-REB-KMT, Doc. 42 (Order Granting Motion to Consolidate), at 3 (D. Colo. Aug. 17, 2015).   Before the *Ciena* and *Viavi* Actions were consolidated, the *Ciena* Action was in its early stages of the litigation after a stay had been lifted.   *See Fiber*, 2015 U.S. Dist. LEXIS 155176, *4.   Ciena answered the Complaint and Fiber filed its Reply to the Counterclaims.   [*See* the *Ciena* Action, Doc. Nos. 14 and 18].   While initial disclosures have been exchanged, a protective order has not been entered in the case and neither side has propounded nor responded to discovery.   [*See* the *Ciena* Action, Doc. No. 53, p. 6 (Joint Motion to Consolidate Cases)].   Infringement contentions and invalidity conventions have not been exchanged by the Ciena and Fiber, and the deadline to join parties has not expired.   [*See id.*] Prior to consolidation, Viavi recently filed its Answer and Fiber replied to the Counterclaims. [*See* the *Viavi* Action, Doc. Nos. 18 and 22].   A scheduling conference in the consolidated action has just been set for January 19, 2016 .   [*See* the *Ciena* Action, Doc. No. 57].

The posture of the *ALU-USA* Action is similar to the posture in the consolidated *Ciena* and *Viavi* Actions.   ALU-USA recently filed an Answer.   [*See* the *ALU-USA* Action, Doc. No. 21].   Fiber and ALU-USA will propose an initial scheduling conference in accordance with this

Court's Order.   [Doc. No. 18].   Thus, each of the three actions are in their infancy and consolidation of the actions would conserve judicial and party resources.

### C.     Consolidation Would Not Prejudice The Parties

Consolidation would cause minimal, if any, inconvenience, delay, or expense to Fiber, Ciena or Viavi. No discovery requests have been served in any of these actions, and thus consolidation would not require duplication of effort with respect to discovery.   Rather, the prejudice identified by Fiber in not agreeing to consolidation is purely speculative in nature.

Specifically, Fiber is concerned that ALU-USA will file a second IPR against the '332 and '917 Patents and request a stay in this action.   While that possibility does exist, it is only conjecture at this point.   Furthermore, even if ALU-USA files IPR's and requests a stay, the judicial resources of this Court quite possibly could be conserved by waiting for the U.S. Patent Office to issue a ruling thereon.   The IPR filed by Viavi (formerly JDSU) (the *Viavi* Action, Doc. No. 1, p. 1) resulted in cancellation of eight of the fourteen challenged claims of the '332 Patent (Declaration of Hiwot Covell ("Covell Dec."), Final Written Decision (the '332 Patent), p. 55) and 20 of the 24 challenged claims of the '917 Patent.   [Covell Dec., Final Written Decision (the '917 Patent), p. 51.]   Thus, the IPR successfully reduced the number of claims at issue in all actions.   Any further IPR's may also limit the claims at issue or end the Actions by invalidating additional asserted claims of the '332 Patent or the '917 Patent and would bear directly on all of the actions filed by Fiber in this District.

## IV.     CONCLUSION

The *ALU-USA* Action, and the consolidated *Ciena* and *Viavi* Actions share numerous common questions of law and fact.   Consolidating these actions for pre-trial purposes would be

efficient, conserve Court and party resources, and would not prejudice either party. Further, speculative IPR and motions practice does not change these immovable facts.  For these reasons, ALU-USA respectfully requests that the Court consolidate the *ALU-USA* Action with the consolidated *Ciena* and *Viavi* Actions for all pre-trial purposes.

A proposed Order is submitted herewith for the Court's convenience.

Respectfully submitted,

Dated:  November 30, 2015

By: s/  Robert R. Brunelli
　　　Robert R. Brunelli
　　　　　rbrunelli@sheridanross.com
　　　Hiwot Molla Covell
　　　　　hcovell@sheridanross.com
　　　SHERIDAN ROSS, P.C.
　　　1560 Broadway, Suite 1200
　　　Denver, CO 80202-5141
　　　Phone: 303-863-2998
　　　litigation@sheridanross.com

Robert F. Perry
rperry@kslaw.com
Allison H. Altersohn
aaltersohn@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 556 2100
Facsimile:  (212) 556 2222

*ATTORNEYS FOR DEFENDANT*
*Alcatel-Lucent USA Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 30, 2015.  Any other counsel of record will be served by First Class U.S. mail on this same date.

s/ Rebecca I. Reil
Rebecca I. Reil
Assistant to Hiwot M. Covell
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Telephone:  303-863-9700
Facsimile:  303-863-0223
Email:  rreil@sheridanross.com
litigation@sheridanross.com