**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 13-cv-00840-PAB-KLM

(Consolidated with Civil Action No. 15-cv-01743-PAB-KLM)

---

FIBER, LLC, a Wyoming limited liability company

Plaintiff/Counterdefendant

v.

CIENA COMMUNICATIONS, INC., a Delaware corporation,
CIENA CORPORATION, a Delaware corporation

Defendants/ Counterclaimants

---

FIBER, LLC, a Wyoming limited liability company

Plaintiff/Counterdefendant

v.

VIAVI SOLUTIONS INC., f/k/a JDS Uniphase Corporation,
LUMENTUM HOLDINGS INC.,
LUMENTUM INC., AND
LUMENTUM OPERATIONS LLC, a Delaware limited liability company

Defendants/Counterclaimants

---

# SCHEDULING ORDER IN A PATENT CASE

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference in this matter is set to take place at **10:30 a.m. on Tuesday, January 19, 2016** in front of Magistrate Judge Kristen L. Mix in Courtroom A-401 of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, CO. The following

counsel will appear in person or by telephone on behalf of the parties: For plaintiff Fiber, LLC ("Fiber"), George G. Matava, Tripp Lake, and Thomas A. Dougherty of Lewis Brisbois Bisgaard & Smith, LLP, 1400 Lincoln Street, Suite 4000, Denver, Colorado, 80203, (303) 861-7760; for Defendants and Counterclaimants Ciena Corporation ("Ciena Corporation") and Ciena Communications, Inc. ("Ciena Communications") (together, "Ciena"); Viavi Solution, Inc. ("Viavi"); and Lumentum Holdings Inc., Lumentum Inc., and Lumentum Operations LLC (together, "Lumentum"), Kenneth A. Liebman, of Faegre Baker Daniels LLP, 90 South 7th Street, Minneapolis, Minnesota, 55402, and Joel D. Sayres of Faegre Baker Daniels LLP, 1700 Lincoln Street, Suite 3200, Denver Colorado, 80203.

## 2. STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Fiber owns by assignment U.S. Patent No. 6,430,332 B1 ("the '332 Patent") and U.S. Patent No. 7,095,917 B2 ("the '917 Patent") (collectively, the "patents-in-suit"). Fiber alleges that Defendants Ciena, Viavi, and Lumentum have infringed, literally or under the doctrine of equivalents, one or more claims of the patents-in-suit by their unauthorized manufacture, distribution and/or sale of accused products at issue in this case. The accused products include, but are not limited to, products marketed and sold by Defendant Ciena as 1) Common Photonic Layer with ROADM, 2) 6500 Family with ROADM, 3) 5400 Family with ROADM, and 4) 4200 Family with ROADM, among other Wavelength Selective Switch (WSS) and Reconfigurable Optical Add-Drop Multiplexer (ROADM) products. The accused products

also include, but are not limited to, products marketed and sold by Defendants Viavi and Lumentum as 1) ROADM, 100 GHz, 1x2/1x4 WSS, Mini; 2) ROADM, 100 GHz, 1x9 WSS, Mini; 3) ROADM, 50 GHz, 1x9 WSS, Mini; 4) TrueFlex 1x9 Wavelength Selective Switch; 5) TrueFlex Twin High Port Count Wavelength Selective Switch (Twin WSS); 6) TrueFlex Twin Multi-Cast Switch; and 7) ROADM-on-a-Blade among other Wavelength Selective Switch (WSS) and Reconfigurable Optical Add-Drop Multiplexer (ROADM) products. Such accused products infringe, literally or under the doctrine of equivalents, the '332 Patent, including at least Claims 101, 125-126, 130 and 132; and the '917 Patent, including at least Claims 27, 67, 68 and 70. Fiber further claims that Defendants' infringement of the patents-in-suit was and is willful and in wanton disregard of Fiber's patent rights. Plaintiff denies Defendants' contentions that this is an exceptional case, warranting an award of attorney's fees, costs or sanctions in favor of Defendants. Plaintiff believes any summary judgment motion before discovery is premature. Plaintiff believes that most technical details of the accused products are trade secrets, or not otherwise available publicly. Therefore Plaintiff contends that discovery is needed, and would be needed, for any summary judgment motions. Claims listed above have not been invalidated in the IPR proceeding referenced in the Plaintiff's Complaint and in the Undisputed Facts, section 4 below.

b. Defendants: In response to Fiber's claims, Defendants raise the following defenses: Failure to state a claim; non-infringement; invalidity; unenforceability; laches; estoppel, waiver, and acquiescence; lack of notice; lack of standing; limitation on damages; and speculative, uncertain, and unrecoverable damages. Defendants also assert the following Counterclaims: Non-infringement and invalidity with respect to both patents-in-suit.

Defendants also assert that this is an exceptional case warranting an award of attorneys' fees, costs, and/or sanctions in Defendants' favor.

Defendants believe that this case may be amenable to early summary judgment.

## 4. UNDISPUTED FACTS

The following facts are not disputed:

a. Plaintiff Fiber, LLC is a Wyoming limited liability company with its principal place of business at 621 17th Street, Suite 801, Denver, Colorado 8029.

b. Defendant and Counterclaimant Ciena Corporation is a Delaware corporation with its principal place of business at 7035 Ridge Road, Hanover, Maryland 21076.

c. Defendant and Counterclaimant Ciena Communications is a Delaware corporation with its principal place of business at 7035 Ridge Road, Hanover, Maryland 21076.

d. Defendant and Counterclaimant Viavi is a Delaware corporation with its principal place of business at 430 North McCarthy Boulevard, Milpitas, CA 95035.

e. Defendant and Counterclaimant Lumentum Holdings Inc. is a Delaware corporation with its registered office at The Corporation Trust Company, 1209 Orange Street, Wilmington, DE, 19801.

f. Defendant and Counterclaimant Lumentum Inc. is a Delaware Corporation with its principal place of business at 400 North McCarthy Boulevard, Milpitas, CA 95035.

g. Defendant and Counterclaimant Lumentum Operations LLC is a Delaware limited liability company with its principal place of business at 400 North McCarthy Boulevard, Milpitas, CA 95035.

h. Defendant and Counterclaimant Viavi was formerly named JDS Uniphase Corporation ("JDSU"), and Defendant Lumentum spun out of JDSU.

i. Defendants are subject to personal jurisdiction in this judicial district.

j. On May 12, 1999, Patent Application No. 09/310,285 ("the '285 Application") was filed with the U.S. Patent and Trademark Office ("USPTO"), which application claimed the benefit from Provisional Application No. 60/088,239, filed June 5, 1998.

k. On August 6, 2002, the USPTO issued United States Patent No. 6,430,332 B1 ("the '332 Patent") entitled "OPTICAL SWITCHING APPARATUS" from the '285 Application.

l. On July 17, 2002, Patent Application No. 10/197,636 ("the '636 Application") was filed with USPTO as a Continuation of the '285 Application, which application claimed the benefit from Provisional Application No. 60/088,239, filed June 5, 1998.

m. On August 22, 2006, the USPTO issued United States Patent No. 7,095,917 B2 ("the '917 Patent") entitled "OPTICAL SWITCHING APPARATUS" from the '636 Application.

n. On June 7, 2013, JDSU filed an Inter Partes Review ("IPR") petition with the Patent Trial and Appeal Board ("PTAB"), challenging the patentability of Claims 101, 112, and 123-134 of the '332 Patent.

o. On June 4, 2013, JDSU filed an IPR petition with the PTAB challenging the patentability of Claims 1, 27, and 53-74 of the '917 Patent.

p. In its petitions, JDSU sought to invalidate claims 101, 112, and 123-134 of the '332 Patent, and claims 1, 27, and 53-74 of the '917 Patent. The Board initiated Trials on all of the challenged claims except claim 101 of the '332 Patent and claim 27 of the '917 Patent.

q. Final decisions on the IPR proceedings were issued on December 5, 2014. The Board found that claims 112, 123, 124, 127, 129, 131, 133, and 134 of the '332 Patent, and claims 1, 53-66, 69, and 71-74 of the '917 Patent, were unpatentable, but that JDSU had not shown that claims 125, 126, 128, 130, and 132 of the '332 Patent, or claims 67, 68, and 70 of the '917 Patent, were unpatentable. Neither Plaintiff nor JDSU appealed the final decisions of the Board.

## 5. COMPUTATION OF DAMAGES

a. Plaintiff: As discovery is just commencing, Fiber is unaware of the extent of the damage caused by Defendants' infringement of the patents-in-suit as alleged in Fiber's Complaint. Accordingly, Fiber has not yet calculated all aspects of its damages at issue in this case. Fiber will seek an award of damages against the Defendants adequate to compensate Fiber for past and future infringement in an amount that is in no event less than a reasonable royalty, plus attorneys' fees, costs, prejudgment interest, and post-judgment interest. Moreover, Plaintiff will seek an additional sum on account of the willful, intentional and deliberate character of Defendants' infringing acts pursuant to 35 U.S.C. § 284; along with non-monetary relief in the form of a permanent final injunction against continuing infringement by each of the Defendants and all persons or entities related to them. Plaintiff denies Defendants' contentions that this is exceptional warranting an award of attorneys' fees, costs, sanctions or any pre-judgment interest in favor of Defendants.

b. Defendants: Defendants deny that Fiber is entitled to any damages, injunctive relief, attorneys' fees, costs, or interest. Defendants deny any willful infringement. Defendants request

that the Court declare this to be an exceptional case under 35 U.S.C. § 285, and award costs and fees, including attorneys' fees, and pre-judgment interest thereon.

**6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)**

a. Counsel for the parties conducted a Rule 26(f) meeting on October 26, 2015 and May 16, 2013.

b. George Matava and Tripp Lake, representing Fiber, and Kenneth A. Liebman, Joel Sayres, and Leslie Prill, representing Viavi and Lumentum, attended the October 26, 2015 Rule 26(f) meeting. George Matava and Alexander Clayden, representing Fiber, and Mindy Sooter, representing Ciena, attended the May 16, 2013 Rule 26(f) meeting. George Matava, on behalf of Fiber, provided a draft of this Scheduling Order to Mr. Liebman on October 23, 2015.

c. The parties propose that the exchange of disclosure pleadings under Rule 26(a)(1) occur on or before February 1, 2016. The parties do not propose any changes with respect to the requirement of disclosures under Rule 26(a)(1).

d. The parties will agree to use a unified exhibit numbering system in order to reduce discovery and other litigation costs.

e. The parties do anticipate that their claims or defenses will involve some discovery of electronically stored information, which will be addressed in Discovery. The Parties' attorneys have notified the respective Parties about their obligations to preserve evidence including electronically stored information. Parties shall adhere to Sedona principles regarding electronic discovery disputes.

f. The parties are continuing to engage in discussions regarding the possibilities for promptly settling or resolving the case. On October 26, 2015, George Matava and Tripp Lake,

representing Fiber, and Kenneth A. Liebman, Joel Sayres, and Leslie Prill, representing the defendants, met to discuss possible ways to resolve this dispute.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8. CASE PLAN AND SCHEDULE

a. Deadline to join parties: February 5, 2016.

**Infringement Contentions**

b. Deadline to serve Infringement Contentions, Claim Chart(s), and produce accompanying documents: March 1, 2016 (42 days after Initial Scheduling Conference)

c. Deadline to serve Response to Infringement Contentions and produce accompanying documents: April 19, 2016 (49 days after service of Infringement Contentions).

**Invalidity Contentions**

d. Deadline to serve Invalidity Contentions and Claim Chart(s) and produce accompanying items of prior art: April 19, 2016 (49 days after service of Infringement Contentions).

e. Deadline to serve Response to Invalidity Contentions and Claim Chart(s) and produce accompanying documents: June 7, 2016 (49 days after service of Invalidity Contentions and Claim Chart(s)).

**Opinion of Counsel**

f. Deadline to make opinion(s) of counsel available for inspection and copying: 60 days before the close of fact discovery.

**Claim Construction**

g. Deadline for parties to exchange list of claim terms to be construed and proposed construction, specifically identifying up to fifteen (15) [~~ten (10) proposed by the Plaintiff and twenty (20) proposed by the Defendants~~] of the most critical terms to be construed: July 5, 2016 (28 days after service of Response to Invalidity Contentions).

h. Deadline to file Joint Disputed Claim Terms Chart: August 2, 2016 (28 days after exchange of claim terms to be construed).

i. Proposed month for technology tutorial with District Judge and Magistrate Judge (optional): October, 2016.

j. Deadline for Fiber to file opening Claim Construction brief and all supporting evidence: August 30, 2016 (28 days after filing Joint Disputed Claim Terms Chart).

k. Deadline for Defendants to file Response to opening Claim Construction brief and all supporting evidence: September 27, 2016 (28 days after service of opening claim construction brief).

l. Deadline for Fiber to file reply brief in support of opening Claim Construction brief: October 11, 2016 (14 days after service of response brief).

m. Proposed month for claim construction hearing and estimated time necessary for the hearing. November, 2016. Four (4) hours.

**Final Patent Disclosures**

n. Deadline to file Final Infringement Contentions: 28 days after Court's Claim Construction Order

o. Deadline to file Final Invalidity Contentions: 28 days after receiving Final Infringement Contentions

**Fact Discovery, Expert Disclosures, and Dispositive Motions Deadlines**

p. Fact discovery deadline: * 63 days after entry of the Court's Claim Construction Order.

q. Expert Witness Disclosure.

1. The parties shall identify anticipated fields of expert testimony, if any. Plaintiff: Technical, damages, and Patent Office Practice. Defendants: Non-infringement, invalidity, damages, and Patent Office Practice. The parties reserve their rights to object to any offered expert testimony.
2. Limitations which the parties propose on the use or number of expert witnesses. Four (4) experts per side.
3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 35 days after the close of fact discovery. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]
4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 35 days after service of initial expert reports.

r. Expert Discovery Deadline: ** 28 days after service of rebuttal expert reports.

* means deadline to complete fact discovery + to make fact discovery-related motions.

** means deadline to complete expert discovery + to make expert discovery-related motions

s. Dispositive motions deadline: 28 days after close of expert discovery. The parties shall file, contemporaneously with the completion of claim construction briefing, a "Joint Motion for Determination." which will serve as notice to the court that briefing has been completed.

## 9. DISCOVERY LIMITATIONS

Rogs: π may serve 25 rogs on Ciena and 25 rogs on Viavi/Lumentum. Ciena may serve 25 rogs on π. Viavi/Lumentum may serve 25 rogs on π. π may take no more than 10 depos. Δs may take no more than 10 depos.

a. Pl~~aintiff proposes twenty-five (25) interrogatories may be served on each party~~ and ten (10) depositions of each party, including each party's witnesses. Plaintiff proposes this because Ciena is a separate party, Viavi is formerly named JDSU (a separate party), and Lumentum spun out of JDSU (a separate party). Viavi and Lumentum may each have relevant persons, documents, and other things that are in the exclusive possession of each, from which Plaintiff may need discovery. Plaintiff is unsure of the Defendant which has persons, documents, and other things under their control. If a Defendant does not have certain requested documents or information in their custody, possession or control, answering the discovery request would not be unduly burdensome.

Defendants believe that applying discovery limits separately to each party would be inefficient and would unnecessarily expand discovery in this case. Defendants therefore propose that the discovery limits apply to each side, not each party. *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y 2006) (determining that where, for example, the parties on the same side are represented by the same attorney, the "more sensible approach" is to treat separate parties as one party for the purposes of discovery limitations (quoting Wright & Miller, *Federal Practice and Procedure* § 2168.1 at 261 (2d ed.1994)); *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 664 (D. Colo. ~~2005) (Magistrate Judge~~ did not abuse discretion in applying ~~interrogatory limits per-~~

side)~~; *Ybanez v. Milyard*, No~~. 10~~-cv-2234-RBJ-MJW, 2012 WL 1936557, at *2 (D. Colo. 2012)~~ (applying discovery limits per side was not clearly erroneous or contrary to law).

To the extent that discovery limits are to apply to each party, Defendants propose that Viavi and Lumentum be treated as one party, and Ciena be treated as one party. Up until August 2015, defendants Viavi and Lumentum were one entity—JDS Uniphase Corporation. The business segment of JDS Uniphase Corporation involved with the accused products became the spinoff company Lumentum, and the remaining business segments of former JDS Uniphase Corporation were renamed Viavi. Therefore all documents and information relevant to this case that are in the possession, custody, or control of Viavi or Lumentum derive from a single source, controlled by Lumentum. Under these circumstances, Viavi and Lumentum should be treated as one party. Defendants further propose that to the extent the discovery limits are to apply to each party, each party be able to propound the same discovery on Plaintiff as Plaintiff may propound on each party (*i.e.*, each party/defendant may serve 25 interrogatories on Plaintiff). *See Zito*, 233 F.R.D. at 399 (if ~~discovery limits apply~~ to each party, each party may avail itself of such discovery limits).

b. The parties will follow the Federal Rules of Civil Procedure with respect to limitations upon the length of depositions. A 30(b)(6) deposition counts as one deposition regardless of the number of witness designees.

c. ~~Plaintiff proposes Each party shall be allowed to serve up to 75 requests for~~ production on each party, and up to 25 requests for admission ~~on each~~ party. There shall be no limit, however, on the number of ~~requests~~ for admission that each party may serve directed solely to the authentication of documents and things. Plaintiff proposes this because Ciena is a separate ~~party, Lumentum~~ is formerly JDSU ~~(a separate party), and Viavi~~ spun out of JDSU (a separate

π may serve a total of 75 rfps and 75 rfas.
Ciena may serve 25 rfps + 25 rfas.
Viavi/Lumentum may serve 25 rfps + 25 rfas.
Parties shall have unlimited rfas as to authenticity of documents only.

party). Viavi and Lumentum may each have discoverable information, documents, and other things that are in the possession, custody, or control of each, from which Plaintiff may need discovery. Plaintiff does not agree that applying discovery limits to all parties is inefficient and unnecessarily expands discovery in this case. As noted above, if a Defendant does not have requested information, document or other thing in their possession, custody or control, answering the discovery request is not unduly burdensome.

As stated above in Section 9.a, Defendants believe that applying discovery limits to each party is inefficient and unnecessarily expands discovery in this case. Defendants therefore propose that the discovery limits apply to each side, not each party. To the extent the discovery limits are to apply to each party, Defendants propose that Viavi and Lumentum be treated as one party, and Ciena be treated as one party. In that case, Defendants propose that each party be able to propound the same discovery on Plaintiff as Plaintiff may propound on each party (*i.e.*, each party/defendant may serve 75 requests for production on Plaintiff).

d. Other Planning or Discovery Orders:

1. Deadline for filing proposed protective order(s): February 5, 2016.
2. The parties do not propose a stay on discovery regarding other issues in the case.
3. See order #57 at p. 7 section E.1.
4. Parties shall file a Motion for Entry of FRE 502(d) Order on or before 1/29/16.

## 10. DATES FOR FURTHER CONFERENCES

a. Status Conferences will be held in this case at the following dates and times: ~~January 19, 2016 at 10:30 am~~, As needed.

b. A final pretrial conference will be held in this case on a date to be determined in the future. at ___ o'clock __ m. A final pretrial order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference. Parties shall file a Joint Motion to Set Final PTC no more than thirty (30) days after filing the Joint Motion for Determination in para. 8(5) above.

## 11. OTHER SCHEDULING MATTERS

a. There are no discovery or scheduling issues on which counsel, after a good-faith effort, have been unable to reach an agreement.

b. Trial to a jury is anticipated to require seven to ten (7-10) trial days.

c. No present request is being made to conduct appropriate pretrial proceedings in the Court's facilities in Colorado Springs, Grand Junction or Durango, Colorado.

d. Any discovery request, response to discovery, pleading, or other document that is not required to be electronically filed with the Court shall be served on another party by email. Notwithstanding the foregoing, to the extent service by email is impractical, the parties agree to serve the discovery request, response to discovery, pleading, or other document by file-transfer-protocol (FTP) or overnight delivery.

e. The parties agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply; regardless of the manner of service.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

**13. AMENDMENTS TO SCHEDULING ORDER**

The parties agree that the scheduling order may be altered or amended only upon a showing of good cause.

DATED this 19th day of January 2016

BY THE COURT:

United States Magistrate Judge

APPROVED:

*Counsel for Plaintiff Fiber, LLC*

s/ *George G. Matava*
George G. Matava, Esq.
Donald E. Lake III, Esq.
Thomas A. Dougherty, Esq.
Lewis Brisbois Bisgaard & Smith LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
303.961.7760
george.matava@lewisbrisbois.com
tripp.lake@lewisbrisbois.com
thomas.dougherty@lewisbrisbois.com

*Counsel for Defendants Ciena Communications, Inc., Ciena Corp., Viavi Solutions, Inc., Lumentum Holdings, Inc., Lumentum, Inc., and Lumentum Operations, LLC.*

s/ Joel D. Sayres
Joel D. Sayres
Faegre Baker Daniels LLP
1700 Lincoln St., Suite 3200
Denver, Colorado 80203
303.607.3589
Joel.sayres@FaegreBD.com
Kenneth A. Liebman, Esq.
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
612.766.8800
ken.liebman@FaegreBD.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this this 13th day of January, 2016, I presented the foregoing SCHEDULING ORDER IN A PATENT CASE to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

Joel David Sayres
Kenneth A. Liebman
Leslie Benita Prill
FAEGRE BAKER DANIELS LLP
Wells Fargo Center
1700 Lincoln Street, Suite 3200
Denver, CO 80203-4532
(303) 607-3500
Fax: (303) 607-3600
Email: joel.sayres@faegrebd.com
ken.liebman@faegrebd.com
leslie.prill@faegrebd.com

and

Chambers
Mix_Chambers@cod.uscourts.gov

s/ George G. Matava