**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 13-cv-00840-PAB-KLM

    (Consolidated with Civil Action No. 15-cv-01743-PAB-KLM)

FIBER, LLC, a Wyoming limited liability company

              Plaintiff/Counterdefendant

    v.

CIENA COMMUNICATIONS, INC., a Delaware corporation,
CIENA CORPORATION, a Delaware corporation

              Defendants/ Counterclaimants

FIBER, LLC, a Wyoming limited liability company

              Plaintiff/Counterdefendant

    v.

VIAVI SOLUTIONS INC., f/k/a JDS Uniphase Corporation,
LUMENTUM HOLDINGS INC.,
LUMENTUM INC., AND
LUMENTUM OPERATIONS LLC, a Delaware limited liability company

              Defendants/Counterclaimants

**MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER**

The Parties have not been able to agree on the terms of a Protective Order. Plaintiff proposes the accompanying proposed two-tier Confidentiality and Protective Order, which is very similar to the Confidentiality and Protective Order template provided by this Court. See, **Attachment A**. Defendants propose a third tier for computer code, where an expert for Plaintiff may only view the software code in the office of the attorneys for Defendants for 7 hours, while being observed by the

attorneys for Defendants.  A redlined version of Defendants' proposed protective order comparing it to Plaintiff's version is attached as **Attachment B**.  Defendants' request is unduly burdensome, especially since their software is at the crux of the infringement issue.  Defendants software will likely provide the details  regarding the "data gathering and transmission element" found in a vast majority, if not all of the claims-at-issue.  Moreover, in view of the fact that there are several parties, each manufacturing several allegedly infringing products, it is quite likely that there will be many sets of software that will need to be analyzed by an expert.  Having this analysis take place in an adversarial environment (the office of Defendants' counsel) will be inefficient and less productive than if done in the office of Plaintiff's counsel or expert.  Moreover, inspection under the watch of Defendants' counsel also creates issues of work product waiver.

Plaintiff's position is that the two-tier Protective Order will more than sufficiently protect all of the potential confidential information disclosed during discovery. If any special handling is necessary, it can be addressed by motion to the Court in that very specific situation, with a showing of good cause. There is no need to make the protective order more complicated than it needs to be, particularly at this early stage in discovery.

Plaintiff submits that Defendants do not have good cause for adding an unduly burdensome and overly complicated third layer of confidentiality.  All parties, experts, and attorneys do agree, under penalty of perjury, to follow the terms of the protective order.  Plaintiff submits this is more than sufficient to preserve the confidentiality of all documents and things produced during discovery by either side. "The court will not presume that the plaintiff would fail to comply with the terms of the protective order." *C & L Sales, Inc. v. Kev Don Indus., Inc.*, No. 86-2051, 1987 U.S. Dist. LEXIS 5876, at *4–5 (D. Kan. 1987).  Defendants have no reason to believe that Plaintiff will not

abide by the terms of the protective order. Indeed, Plaintiff has not been in the business of manufacturing fiber optic switching devices for at least 15 years and will not benefit commercially from having access to Defendants' software. Moreover, Plaintiff is under an obligation to either return or destroy confidential information at the conclusion of the case.

WHEREFORE, Plaintiff respectfully requests that its proposed Protective Order be entered.

DATED this 26th day of February, 2016.   Respectfully submitted,

    s/ *George G. Matava*
George G. Matava, Esq.
Donald E. Lake III, Esq.
Thomas A. Dougherty, Esq.
Lewis Brisbois Bisgaard & Smith LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
303.961.7760
george.matava@lewisbrisbois.com
tripp.lake@lewisbrisbois.com
thomas.dougherty@lewisbrisbois.com

Steven M. Shape
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312.345.1718
steven.shape@lewisbrisbois.com

*Counsel for Plaintiff Fiber, LLC*

## CERTIFICATE OF SERVICE

   I hereby certify that on this this 26th day of February, 2016, I presented the foregoing MOTION FOR ENTRY OF PROTECTIVE ORDER to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

Joel David Sayres
Kenneth A. Liebman
FAEGRE BAKER DANIELS LLP
Wells Fargo Center
1700 Lincoln Street, Suite 3200
Denver, CO 80203-4532
(303) 607-3500
Fax: (303) 607-3600
Email: joel.sayres@faegrebd.com
   ken.liebman@faegrebd.com


             s/  *George G. Matava*