**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

_____

Civil Action No. 13-cv-00840-PAB-KLM

(Consolidated with Civil Action No. 15-cv-01743-PAB-KLM)

_____

FIBER, LLC, a Wyoming limited liability company,

Plaintiff,

v.

CIENA CORPORATION, a Delaware corporation, and
CIENA COMMUNICATIONS, INC., a Delaware corporation,

Defendants.

_____

FIBER, LLC, a Wyoming limited liability company,

Plaintiff,

v.

VIAVI SOLUTIONS, INC., f/k/a JDS Uniphase Corporation
LUMENTUM HOLDINGS, INC.,
LUMENTUM, INC., and
LUMENTUM OPERATIONS, LLC,

Defendants.

_____

**DEFENDANTS' BRIEF IN SUPPORT OF PROPOSED PROTECTIVE ORDER**

_____

The parties met and conferred regarding a proposed protective order, but were unable to reach agreement.  Pursuant to D.C.COLO.LPtR 3(c), Defendants submit this brief in support of its proposed protective order, submitted herewith as **Exhibit A**.

Plaintiff provided Defendants with a proposed protective order on January 25, 2016.  Defendants provided a suggested redline of that order on February 5, 2016.  (**Ex. B**.)  On February 23, 2016, Plaintiff indicated that it intended to file its own version of the protective order.  Thus, Plaintiff did not attempt to meet and confer to reach agreement regarding any of Defendants' proposed changes, but rather rejected them entirely.  As described below, Defendants' modest proposed changes and additions will help ensure efficient and clear discovery procedures to protect information produced by the parties.

### 1.  Attorneys' Eyes Only designation (Paragraph 2(a))

This modification would allow one in-house counsel for each party to be designated as a "Qualified Person" who can view AEO materials, subject to certain restrictions and with an exception applicable among defendants.  This change will enable each party's counsel to more directly and efficiently review and evaluate documents in this case.

### 2.  Source Code Designation  (Paragraphs 2(b), 3(d), 7(a), 7(d))[1]

Computer source code may become relevant during discovery in this case. Should that occur, Defendants' proposed order includes provisions governing the designation (Paragraph 3(d)) and inspection (Paragraph 7(a,d)) of such information.

---

[1] The proposed modifications in 1 and 2, above, require minor clarifying language in Paragraphs 1, 3(b), 5, 6, 7(b), 8, 9, as reflected in the submitted redline.  Defendants' proposed order also corrects non-substantive typos in Paragraphs 2(c), 3(c), and 11.

This is necessary to ensure that the parties have established procedures in place to protect the confidentiality of such information while allowing for its designation and inspection.  Should source code not become an issue, then the parties will not need to rely upon such provisions.  However, Defendants believe that it is best to address these issues and establish a mutual framework early in the case.

3.  **Definition of "Classified Information" (Paragraph 3(b))**

This clarification simply makes clear that "computer code" and "algorithms" are types of information that may be designated as "Classified Information."  Defendants believe that such information can be critically sensitive, and thus should be included in the definition of "Classified Information" to the extent not already subsumed within the definition (such as within Paragraph 3(b)'s inclusion of "other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties").

4.  **Provisions Regarding the Production and Return of Privileged Information (Paragraph 17)**

This modifies the first paragraph of Paragraph 17 to mirror the Federal Rule of Evidence 502(d) Order entered by the Court on February 1, 2016 (Docket No. 71), and adds two paragraphs outlining more detailed procedures for the return or destruction of privileged materials.  Defendants believe that these provisions are necessary to clarify the procedures applicable in such situations and to ensure that privileged materials are returned or destroyed, while not waiving the rights of either party.

For these reasons, Defendants respectfully request that the Court enter the attached proposed Protective Order.

Dated:  February 26, 2016          s/ *Joel D. Sayres*
                                   Joel D. Sayres
                                   FAEGRE BAKER DANIELS LLP
                                   3200 Wells Fargo Center
                                   1700 Lincoln Street
                                   Denver, Colorado 80203
                                   Phone: (303) 607-3500
                                   Email: joel.sayres@FaegreBD.com

                                   Kenneth Liebman
                                   FAEGRE BAKER DANIELS LLP
                                   2200 Wells Fargo Center
                                   90 South Seventh Street
                                   Minneapolis, Minnesota 55402-3901
                                   Phone: (612)766-7000
                                   Email: ken.liebman@FaegreBD.com

                                   *Attorney for Defendants Ciena Corporation,*
                                   *Ciena Communications, Inc., Viavi Solutions*
                                   *Inc., Lumentum Holdings Inc., Lumentum Inc.,*
                                   *and Lumentum Operations LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system which will send notification of such filing to the following persons at the given email addresses:

George G. Matava
Donald E. Lake III
Thomas A. Dougherty
1700 Lincoln Street, Suite 4000
Denver, CO 80202
Phone: (303) 861-7760
Fax: (303) 861-7767
Email: george.matava@lewisbrisbois.com
tripp.lake@lewisbrisbois.com
thomas.dougherty@lewisbrisbois.com

Steven M. Shape, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W Adams, Suite 300
Chicago, IL 60661
(312) 345-1718
Email: steven.shape@lewisbrisbois.com

s/ *Margaret M. Zylstra*
Margaret M. Zylstra

4

US.105008651.02