IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00840-PAB-KLM
        (Consolidated with Civil Action No. 15-cv-01743-PAB-KLM)

FIBER, LLC, a Wyoming limited liability company,

        Plaintiff,

v.

CIENA COMMUNICATIONS, INC., a Delaware corporation, and
CIENA CORPORATION, a Delaware corporation,

        Defendants.

FIBER, LLC, a Wyoming limited liability company,

        Plaintiff,

v.

VIAVI SOLUTIONS, INC., formerly known as JDS Uniphase Corporation,
LUMENTUM HOLDINGS, INC.,
LUMENTUM INC., and
LUMENTUM OPERATIONS, LLC,

        Defendants.
_____

## MINUTE ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

        This matter is before the Court on Finisar Corporation's ("Finisar") **Unopposed Motion for Finisar Corporation to Intervene as a Defendant Under Fed. R. Civ. P. 24** [#85] (the "Motion").  Finisar seeks leave to intervene as a defendant in the present action pursuant to Fed. R. Civ. P. 24(a)(2) (allowing intervention as of right) and Fed. R. Civ. P. 24(b)(1)(B) (allowing permissive intervention).  No current party is opposed to the Motion.  *See* [#85] at 1.

        It is within the Court's discretion whether to grant a motion for permissive intervention under Rule 24(b).  *See, e.g.*, *City of Stilwell v. Ozarks Rural Elec. Co-op.*

*Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).  Fed. R. Civ. P. 24(b)(1)(B) states: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Having examined the entire docket, the Court finds that Finisar meets this standard.  In short, Finisar argues that that since its "products are implicated by [Plaintiff's] infringement contentions, Finisar will at least raise defenses of non-infringement and invalidity.  Both of these defenses share common questions of law and fact with the main action."  *Motion* [#85] at 14.  Finisar further states that "how to construe the asserted claims is a common question of law necessary to resolve both [Plaintiff's] allegations and Finisar's defenses, and precisely how Finisar's products work is a common question of fact."  *Id.*

Further, in making this determination, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  Here, Finisar filed the Motion within about three weeks of receiving Plaintiff's infringement contentions, and approximately two months after the Scheduling Conference held on January 19, 2016.  Finisar anticipates only requesting a brief extension of time to properly prepare its invalidity contentions, the current deadline for which is April 19, 2016.  The other parties in this lawsuit are unopposed to intervention by Finisar.  Thus, the Court finds that intervention will not unduly delay or prejudice the adjudication of the original parties' rights.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#85] is **GRANTED**.  Finisar is permitted to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B).[1]

IT IS FURTHER **ORDERED** that Finisar shall answer or otherwise respond to the complaint **on or before April 18, 2016**.

Dated:  April 4, 2016

---

[1] Accordingly, the Court need not reach Finisar's argument regarding whether it should be permitted to intervene as a matter of right under Fed. R. Civ. P. 24(a).