## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 13-cv-00840-PAB-KLM

(Consolidated with Civil Action No. 15-cv-01743-PAB-KLM)

---

FIBER, LLC, a Wyoming limited liability company

    Plaintiff/Counterdefendant

v.

CIENA COMMUNICATIONS, INC., a Delaware corporation,
CIENA CORPORATION, a Delaware corporation

    Defendants/ Counterclaimants;

and

FINISAR CORPORATION, a Delaware Corporation

    Defendant-Intervenor

---

FIBER, LLC, a Wyoming limited liability company

    Plaintiff/Counterdefendant

v.

VIAVI SOLUTIONS INC., f/k/a JDS Uniphase Corporation,
LUMENTUM HOLDINGS INC.,
LUMENTUM INC., AND
LUMENTUM OPERATIONS LLC, a Delaware limited liability company

    Defendants/Counterclaimants

---

### CONFIDENTIALITY AND PROTECTIVE ORDER

---

  Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

  **1. Classified Information**

4836-3970-7952.1              1

EXHIBIT B

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only–Source Code" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

    a. For "Attorneys' Eyes Only" information:

        i. retained counsel for the parties in this litigation and their respective staff;

        ii. (a) one in-house counsel for each party, who is actively involved in the prosecution or defense of this case and who, prior to any disclosure of Attorneys' Eyes Only information to such person, has been designated in writing with notice to all counsel and has signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

        (b) provided, however, that notwithstanding the forgoing subparagraph ii(a), where the producing party is a defendant in this matter, in-house counsel for any and all other defendants shall not be considered a "Qualified Person" with respect to such producing party defendant's "Attorneys' Eyes Only" materials, and shall not have access to such materials absent agreement in writing by the producing party defendant. The designated in-house counsel for all defendants shall at all times be considered "Qualified Persons" with respect to materials produced by plaintiff Fiber, LLC and any counter-defendant; and

        (c) provided that Aron B. Katz shall not be designated pursuant to paragraph 2(a)(ii).

        iii. independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties), subject to the objection period set out in paragraph 11(b), where the party seeking to disclose information has provided written notice that includes:

            1. the name of the person;

      2. the present employer and title of the person;

      3. an up-to-date curriculum vitae;

      4. a list of current and past consulting relationships undertaken within the last four years; and

      5. a signed copy of the person's "Declaration of Confidentiality" (Exhibit A) to be bound by the terms of this Protective Order (such signed declaration to be maintained by the attorney retaining such person); and

   iv. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

   v. litigation vendors, court reporters, and other third party professional litigation support personnel who have signed the "Declaration of Confidentiality" (Exhibit A) (such signed declaration to be maintained by the attorney retaining such person).

b. For "Attorneys' Eyes Only—Source Code" information":

   i. the persons identified in paragraph 7(d) below, subject to the restrictions of that paragraph.

c. For Confidential information:

   i. the persons identified in subparagraph 2(a);

   ii. the party, if a natural person;

   iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

   iv. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

Such other person as this court may designate after notice and an opportunity to be heard.

### 3. Designation Criteria

a. Nonclassified Information. Classified Information shall not include information that either:

   i. is in the public domain at the time of disclosure, as evidenced by a written document;

   ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

   iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

   iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. Classified Information. A party shall designate as Classified Information, including Confidential, Attorneys' Eyes Only, and Attorneys' Eyes Only—Source Code designated information, only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, computer code, algorithms, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

c. For "Attorneys' Eyes Only" information. The designation "Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, engineering information, testing and qualification information, non-public financial information, pricing information, customer identification data, and certain study methodologies including business methods and data.

d. For "Attorneys' Eyes Only—Source Code" information. The designation "Attorneys' Eyes Only—Source Code" shall be reserved for highly sensitive information that reflects or constitutes computer code, associated comments or revision histories, formulas,

engineering specifications, or schematics, that define or otherwise describe in detail the algorithms or structure of software designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

   e.   Ultrasensitive Information. At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4.   Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of the above-captioned actions and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**5.   Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only—Source Code." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection. If any documents are produced in native format, the producing party shall utilize its best efforts to affix such information to the produced information, such as, for example, by adding such information to the filename of a document, placing a stamp on the production media, or marking slip/cover sheets accompanying such native files.

**6.   Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty, may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only—Source Code," and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing, not later than 30 days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts

shall be treated as "Attorneys' Eyes Only" for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7. **Disclosure to Qualified Persons**

a. To Whom. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in subparagraph 2(a), and information designated as "Attorneys' Eyes Only—Source Code," shall be restricted in circulation to Qualified Persons described in subparagraph 7(d), below.

b. Retention of Copies During this Litigation. Copies of "Attorneys' Eyes Only" information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to Qualified Persons described in subparagraphs 2(a)(ii), (iii), or (v), in the offices of those Qualified Persons. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of "Attorneys' Eyes Only" documents that are delivered to Qualified Persons.

d. To the extent information is designated as "Attorneys' Eyes Only—Source Code," in this case, it shall be subject to the following additional protective measures and shall only be made available as follows:

    i. "Attorneys' Eyes Only—Source Code" information shall be made available for inspection from 9:30am to 5:30pm local time in the time zone that such

    inspection occurs or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location.

ii. "Attorneys' Eyes Only—Source Code" information shall be made available for inspection on a stand-alone computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the information onto any recordable media or recordable device. The stand- alone computer and all of its contents shall be treated as "Attorneys' Eyes Only—Source Code," even if no designation is physically affixed thereto.

iii. Only outside counsel of record for the receiving party and a maximum of two (2) specified experts for the receiving party qualified under paragraph 11(b) of this Order may each review electronically the information on the stand-alone computer. Prior to the first inspection of source code of a particular party, the receiving party shall provide at least seven (7) days' written notice to the producing party of the commencement and expected duration of said inspection. For all subsequent inspections, the receiving party shall provide at least one (1) business day's written notice to the producing party of the commencement and expected duration of said inspection.

iv. The producing party may visually monitor the activities of the receiving party's representatives during any review of "Attorneys' Eyes Only—Source Code" information, but only to ensure that there is no unauthorized recording, copying, or transmission of the information.

v. The receiving party may request paper copies of limited portions of "Attorneys' Eyes Only—Source Code" information that is reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the information other than electronically as set forth in paragraphs (a)-(c) in the first instance. The producing party shall provide all such information in paper form, including bates numbers and the label "Attorneys' Eyes Only—Source Code." The receiving parties agree to limit their paper copies of continuous pages of portions of the produced software to 50 pages per software version, or no more than 10% of a specific software version absent agreement by the producing party, with such agreement not unreasonably withheld after meeting and conferring telephonically. The producing party may challenge the amount of such information requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 11(a), whereby the producing party is the "challenging party" and the receiving party is the "designating party" for purposes of dispute resolution.

    vi. The receiving party shall maintain a record of any individual who has inspected any portion of the "Attorneys' Eyes Only—Source Code" information in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**8.     Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Classified Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.     Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as viewable only by outside counsel of record for the receiving party during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently in accordance with paragraph 5 by the producing party.

**10.    Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11.    Challenging the Designation**

a. Classified Information. A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The parties must confer directly (in voice to voice dialog; other forms of communication are not sufficient) and the challenging party must explain the basis for the belief that the confidentiality designation was proper and must give the designating party an opportunity to review the designated material to reconsider the circumstances. If no change in designation is offered, the designating party must explain the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. A party that elects to contest a challenge to a confidentiality designation after ~~considering the~~ justification offered by the designating party may ~~file and serve~~ make a motion ~~under the Local Rules~~ that identifies the challenged material and sets forth in detail the basis for the challenge. ~~Each such motion must be~~ accompanied by a competent declaration that the movant has complied with the meet and confer requirements and that sets forth with specificity the ~~justification~~ for the confidentiality designation that was given by the ~~designating~~ party in the meet and confer dialog. The designating party ~~shall then~~ have 14 days to move the court for an order preserving the ~~designated status of the disputed information~~. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

[Margin annotation: pursuant to MJ Mix's discovery procedures]

b. Qualified Persons. In the event that any party in good faith disagrees with the designation of a person as an expert or consultant under 2(a)(ii), or the disclosure of particular Classified Information to such person, that party may object in writing within 7 days of the designation or disclosure which includes all of the information required by paragraph 2 above. No disclosure of Classified Information shall be made to a designated expert or consultant prior to the expiration of this 7-day objection period. In the absence of any objection at the end of the 7-day period, the designated expert or consultant shall be deemed an approved Qualified Person under this Protective Order. If an objection is made, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the expert or consultant, 14 days from service of the request to move the court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely making of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

[Margin annotation: pursuant to MJ Mix's discovery procedures]

12. **Manner of Use in Proceedings**

Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

### 13. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 14. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 15. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 16. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 17. Waiver

Pursuant to Federal Rule of Evidence 502 and the Stipulated Order regarding Rule 502(d) entered by the Court on February 1, 2016, the production of privileged or work-product protected

documents, information, or electronically stored information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

Any producing party that produces or discloses materials that it contends are protected by any privilege or protection may obtain the return of such materials by notifying the receiving party in writing within ten (10) calendar days of learning of the disclosure. The receiving party shall gather and promptly return to the producing party all copies of the such materials, except for any pages containing privileged or protected markings by the receiving party, which pages shall instead be destroyed. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim privilege nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the production. The receiving party shall certify in writing that all copies of the produced privileged or protected materials have been returned and/or destroyed within ten (10) calendar days after receiving notification in writing of the disclosure. After receiving the certification from the receiving party, the producing party shall provide a privilege log for the returned or destroyed materials to the extent such materials would otherwise have been required to be logged in accordance with any applicable agreement on privilege log requirements in the above-referenced cases.

Where the material at issue was produced in electronic form, the receiving party must return or destroy the original production media containing the material, and the producing party must provide a replacement production media that no longer contains the material at issue. Any motion to compel material required to be returned or destroyed under this section shall not disclose or otherwise use the content of the inadvertently produced document or information (beyond the information that may be provided on a privilege log which complies with Fed. R. Civ. P. 26(b)(5)(A)) in any way.

### 18. Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

The parties agree to abide by and be bound by the terms of this Confidentiality and Protective Order upon signature by their attorneys.

For Fiber, LLC:

By: _____

George G. Matava
Donald E. Lake, III
Thomas A. Dougherty
Steven M. Shape
Lewis Brisbois Bisgaard & Smith LLP
Dated: April ___, 2016


For Ciena Communications, Inc., Ciena Corp., Viavi Solutions Inc., f/k/a JDS Uniphase Corporation, Lumentum Holdings, Inc., Lumentum Inc., and Lumentum Operations LLC:

By: _____

Ken Leibman
Joel Sayres
Faegre Baker Daniels LLP
Dated: April ___, 2016


For Finisar Corporation:

By: _____

David C. Radulescu
Tigran Vardanian
Etai Lahav
Michael D. Sadowitz
Radulescu LLP
Dated: April ___, 2016


Approved and so Ordered

BY THE COURT:

4/22/16

_____

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

_____
United States Magistrate Judge

Dated:_____

EXHIBIT A

DECLARATION OF CONFIDENTIALITY

1. My address is_____.

2. My present employer is _____ located at

   _____.

3. My present occupation or job description is_____.

4. I have received a copy of the "Confidentiality and Protective Order" entered in this action on or about April ___, 2016.

5. I have carefully read and understand the provisions of the "Confidentiality and Protective Order".

6. I will comply with all the provisions of the "Confidentiality and Protective Order."

7. I will not disclose to anyone other than those to whom disclosure is permissible under the "Confidentiality and Protective Order" and information, documents or things designated "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only—Source Code"

8. I will return to counsel for the party which disclosed or furnished the documents or things to me, all documents and things designated "Confidential," "Attorneys' Eyes Only," or "Attorneys' Eyes Only—Source Code" which may come into my possession (and all copies thereof), doing so promptly upon the conclusion of this litigation.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the "Confidentiality and Protective Order" and the terms of this declaration.

I DECLARE UNDER PENALTY OF PURJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____ in _____.

           (Date)           (City and State)

_____      _____

(Signature)               (Printed name)